RICHARD APPERSON'S ADMR. *v.* RICHARD D. APPERSON'S EXRX.

**Agreeing to Change of Venue.**

While an action is pending in a county to which a change of venue has been taken, it is competent for the parties thereto to agree to an order remanding the cause to the court from which it came, and when such order is made it can not be afterwards questioned by either of the agreeing parties.

**Right to Complain on Appeal.**

Where a judgment is against one defendant only the other defendants can not complain thereof on appeal.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 6, 1883.

OPINION BY JUDGE LEWIS:

This action was in July, 1864, brought in the Montgomery Circuit Court by R. A. Apperson, Jr., executor of the estate of R. Apperson, Sr., against the widow and heirs, devisees and creditors of the testator for the allotment of dower and settlement of the estate. In August, 1864, the action was by a change of venue removed to the Clark Circuit Court where it was pending until 1874, when the following order was made: "The venue in this case is ordered to be changed to the Montgomery Circuit Court and the clerk of this court will transmit the papers and transcript of orders."

But notwithstanding this order the papers seem to have remained in the custody of the clerk of the Clark Circuit Court until November, 1878, when another order was made in which the previous order was recited directing the transmission of the papers and transcript of orders, which was accordingly done.

At the June term, 1879, of the Montgomery Circuit Court, the death of R. A. Apperson, Jr., and the appointment and qualification of Lewis Apperson as administrator de bonis non of R. Apperson, Sr., with the will annexed, were suggested on the record. It was therefore ordered that Lewis Apperson, administrator as aforesaid, be substituted as plaintiff in the action, and he having previously given the notice required by law in such cases and moved therefor, the court then ordered that the action be revived against the widow, heirs, devisees and creditors of R. A. Apperson, Jr., and thereafter proceed in the name of Lewis Apperson, plaintiff, against them, to which order they appeared and consented.

Afterwards at the same term of court the action was referred to the master commissioner who was directed to settle the accounts of R. A. Apperson, Jr., as executor, and in making the settlement to credit him with the balance found due to him by the estate of R. Apperson, Sr., as shown in the settlement made by the commissioner, Brock, and confirmed at the May term, 1867, of the Clark Circuit Court. That order was subsequently amended so as to require the commissioner to ascertain and report, in addition to the commissions allowed said executor by law, what extra services and expenses, if any, were rendered, received or paid for the estate by him. At a subsequent term of the Montgomery Circuit Court the commissioner filed his report showing a large balance due the estate of R. A. Apperson, Jr., by the estate of R. Apperson, Sr. The case being heard upon the report and exceptions thereto filed by Lewis Apperson, administrator, a balance of $13,340.96 was found due, which the court adjudged E. S. Apperson, executrix of R. A. Apperson, Jr., recover of Lewis Apperson, administrator de bonis non of R. Apperson, Sr., deceased, to be levied of assets in his hands unadministered.

From that judgment the pending appeal has been prosecuted, the parties being Lewis Apperson, administrator as aforesaid, appellant, against E. S. Apperson, executrix as aforesaid, appellee.

The first error assigned which we will consider is that at the

time of the rendition of the judgment the action was not properly pending in the Montgomery Circuit Court, not having been by proper order remanded from the Clark Circuit Court. In our opinion it was competent for the parties to the action while it was pending in the Clark Circuit Court to agree to an order remanding it to the Montgomery Circuit Court. Inasmuch as the appellant failed at the proper time to have the papers and transcript sent back to the Clark Circuit Court, but on the contrary recognized and assented by his acts to the propriety and legality of the order of the Clark Circuit Court remanding the case to the Montgomery Circuit Court, we must conclude that order was made by the consent of the parties to the action to which appellant was at the time a party, rather than that the court disregarded the rights of the parties and the requirements of the law.

No one besides appellant even objects or has at any time objected to the order remanding the case to the Montgomery Circuit Court, and having by his own motion caused the action to be revived against those interested in and representing the estate of R. A. Apperson, Jr., and himself in his representative character to be made plaintiff, and the action to thereafter proceed to final judgment, can not now be heard for the first time to plead to the jurisdiction that the court has by his consent and in our opinion rightfully acquired.

The second error complained of is that there has not been any pleading filed upon which the judgment is based, and it was rendered in pursuance of no prayer of the executrix of R. A. Apperson, Jr. The original action was brought for a settlement of the estate in the hands of R. A. Apperson, Jr., as executor, and it would have been competent while he lived, as the pleadings stood, to have found whatever balance was due him and to adjudge that he retain it or recover it, all those interested in the estate of the testator being parties. Although appellant was upon his motion made plaintiff in the action, and those interested in and representing the estate of R. A. Apperson, Jr., were made defendants, still the action proceeded under the pleadings previously filed, and it was competent for the court to adjudge and determine in respect to the issue thus made up, the only difference being in the attitude of those interested in and representing his estate, which was that of defendant and creditors instead of that of plaintiff occupied by him. Appellant

by substitution became plaintiff, asking the same relief prayed for by the executor in the first instance, which included a settlement of the estate and payment of debts. Appellee as executor of R. A. Apperson, Jr., has upon appellant's own motion here been made to occupy the attitude of a defendant and creditor, and like any other creditor had the right to present her claim against the estate represented by appellant without filing a written pleading containing prayer for relief or judgment.

The third error assigned is that the court had no jurisdiction of the matters involved in the settlement of the accounts of R. A. Apperson, Jr., at the suit of appellant suing as administrator de bonis non, the heirs and devisees of R. Apperson, Sr., alone having the right of action against him for a settlement of his accounts. It is a sufficient answer to this objection to say that appellant became plaintiff upon his own motion, those interested in and representing the estate of R. Apperson, Jr., consenting thereto, while neither the widow, devisees nor heirs of R. Apperson, Sr., who were parties before the court in the action made any obection. Besides appellant, Lewis Apperson, in his representative character is the only one before this court complaining of the judgment.

The fourth error assigned is that the action was not, after the death of R. A. Apperson, Jr., properly revived against the heirs, devisees and legatees of R. Apperson, Sr., and the proper parties brought before the court, and that there was a failure to have guardians ad litem appointed to defend for the infants. The record shows all the parties were before the court. If they were not they would not be affected by this judgment which is against appellant alone.

The fifth objection to the judgment is well taken, for even if the account in favor of Jennie Hill had been properly proved, there is nothing to show that R. A. Apperson, Jr., as executor, paid it off. On the contrary the demand being an open account and barred by the statute of limitations the presumption is he never did pay it, and the court therefore improperly allowed the account as a credit.

For this error the judgment must be *reversed* and cause remanded with directions to the lower court to enter judgment consistent with this opinion.

*Morton & Parker, for appellant.*
*Wm. Lindsay, Reid & Stone, for appellee.*